Karlos Lamar GRIER, Petitioner—
Appellant,

v.

Robert A. HOOD, Warden, Sheridan
Federal Correctional Institution,
Respondent—Appellee.

Richard Lightbourne, Petitioner—
Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Delbert Young, Petitioner—Appellant,

v.

Robert A. Hood, Warden, Sheridan
Federal Correctional Institution,
Respondent—Appellee.

Damon Brooks Rice, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Sheridan
Federal Correctional Institution,
Respondent—Appellee.

Edward Francis Wills, Jr.,
Petitioner—Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Albert Martin, Petitioner—Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Robert J. Knaeble, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Rudolfo Johnson, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Shelby Ward, Petitioner—Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Gary Lee Southwick, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Darren W. Williams, Sheridan Federal
Correctional Institution,
Petitioner—Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Steven Wilson, Petitioner—Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Vincente Subia, Petitioner—Appellant,

v.

Robert Hood, Warden, Sheridan Fed-
eral Correctional Institution,
Respondent—Appellee.

Jeffrey D. Pullins, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Daniel F. Ramos, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Sheridan
Federal Correctional Institution,
Respondent—Appellee.

Rene Alexander Robinson,
Petitioner—Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Dan L. Lohrey, Petitioner—Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Varrel Stirgus, Petitioner—Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Greg M. Searcy, Petitioner—Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Darrell L. Johnson, Petitioner—
Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

James Randall Eckert, Petitioner—
Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Dennis W. Bohner, Petitioner—
Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Chris A. Harbaugh, Petitioner—
Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

James Darmiento, Petitioner—
Appellant,

v.

Robert Lucia Hood, Warden, Sheridan
Federal Correctional Institution,
Respondent—Appellee.

Scott Dechambeau, Petitioner—
Appellant,

v.

Joseph Crabtree, Warden, Respondent—
Appellee.

Sean Moore, Petitioner—Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Freddy Castro–Mendiola, aka Freddy C
Mendiola, Petitioner—Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Dearmond A. Lynch, Petitioner—
Appellant,

v.

Robert Lucia Hood, Warden, Federal
Correctional Institution, Sheridan,
Oregon, Respondent—Appellee.

Shawn Robert Lee, Petitioner—
Appellant,

v.

Robert Hood, Respondent—Appellee.

Rian Blair, Petitioner—Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Leland Earls, Petitioner—Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Mark E. Cervantes, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Donald McGilvery, Petitioner—
Appellant,

v.

Robert Hood, Respondent—Appellee.

John Gavis, Petitioner—Appellant,

v.

Robert A. Hood, Warden, Sheridan
Federal Correctional Institution,
Respondent—Appellee.

Steven Paul Davis, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Sheridan
Federal Correctional Institution,
Respondent—Appellee.

Conrad Niemeier, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Sheridan
Federal Correctional Institution,
Respondent—Appellee.

Sabil M. Mujahid, Petitioner—
Appellant,

v.

Harold T. Gray, Petitioner—Appellant,

v.

Robert A. Hood, Warden, Sheridan
Federal Correctional Institution,
S, Respondent—Appellee.

Robert W. Curley, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Adrian L. Johnson, Petitioner—
Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Trevor H. Davis, Petitioner—Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Michael Phillips, Petitioner—Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Douglas J. Gregg, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Clarence I. Paulsen, III, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Tony William Fitzwater, Petitioner—
Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Jeremy E. James, Petitioner—
Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Jacob Jones, Petitioner—Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Lorenzo Colfax, Petitioner—Appellant,

v.

Robert A. Hood, Warden, Sheridan
Federal Correction Institution,
Respondent—Appellee.

Ruben Castillo, Petitioner—Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Robert Allen Furnas, Petitioner—
Appellant,

v.

Robert A. Hood, Warden, Respondent—
Appellee.

Earl Leonard, Petitioner—Appellant,

v.

Robert Hood, Warden, Respondent—
Appellee.

Nos. 01–36178, 01–36179, 01–36186, 01–
36188, 02–35000, 02–35001, CV–99–
00793–ALH, CV–00–00138–ALH, CV–
99–00516–ALH.
  D.C. No. CV–98–01544–ALH.
  D.C. No. CV–98–01601–ALH.
  D.C. No. CV–98–01549–ALH.
  D.C. No. CV–99–01036–ALH.
  D.C. No. CV–98–01–01550–HA.
  D.C. No. CV–99–00793–ALH.
  D.C. No. CV–00–00138–ALH.
  D.C. No. CV–99–00516–ALH.
  D.C. No. CV–99–00935–ALH.

D.C. No. CV–99–00227–ALH.
D.C. No. CV–99–00012–ALH.
D.C. No. CV–99–00933–ALH.
D.C. No. CV–99–00011–ALH.

D.C. No. CV–00–00175–ALH.
D.C. No. CV–98–001603–ALH.
D.C. No. CV–99–01736–ALH.
D.C. No. CV–99–00936–ALH.

D.C. No. CV–99–01645–ALH.
D.C. No. CV–99–01270–ALH.
D.C. No. CV–98–01546–ALH.
D.C. No. CV–99–00403–HA.

D.C. No. CV–99–01116–ALH.
D.C. No. CV–99–00733–ALH.
D.C. No. CV–98–01600–ALH.
D.C. No. CV–98–01547–HA.

D.C. No. CV–99–00596–ALH.
D.C. No. CV–99–01104–ALH.
D.C. No. CV–99–00483–ALH.
D.C. No. CV–99–1747–ALH.

D.C. No. CV–99–00484–HA.
D.C. No. CV–99–01017–HA.
D.C. No. CV–99–00404–ALH.
D.C. No. CV–99–00932–ALH.

D.C. No. CV–98–01098–HA.
D.C. No. CV–99–00405–ALH.
D.C. No. CV–98–01102–ALH.
D.C. No. CV–99–00199–HA.

D.C. No. CV–98–0109–HA.
D.C. No. CV–99–0022–HA.
D.C. No. CV–99–00802–ALH.
D.C. No. CV–99–01358–ALH.

D.C. No. CV–99–01745–ALH.
D.C. No. CV–99–0137–HA.
D.C. No. CV–99–01746–ALH.
D.C. No. CV–00–00176–HA.
D.C. No. CV–99–0872–ALH.
D.C. No. CV–99–00518–ALH.
D.C. No. CV–00–00063–ALH.
D.C. No. CV–99–00228–ALH.
D.C. No. CV–99–00795–HA.
D.C. No. CV–00–00888–ALH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2002.

Decided Aug. 29, 2002.

Before BEEZER, THOMAS and W. FLETCHER, Circuit Judges.

### MEMORANDUM*

Petitioners appeal the district court's denial of their motion to amend their pleadings pursuant to Fed.R.Civ.P. 15, and subsequent order dismissing their habeas corpus petitions. We reverse. Because the parties are well familiar with the long procedural history of this case, we will not recount it here.

I

The district court erred in denying petitioners' motions to amend. We review the district court's refusal to grant leave to amend under Rule 15 for abuse of discretion. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir.1999). We review de novo the underlying legal conclusion of whether a particular amendment to the complaint would be futile. *Griggs*, 170 F.3d at 879; *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir.1998).

■ Fed.R.Civ.P. 15(b) allows the petitioners to amend their pleadings to conform to the evidence "at any time, even after judgment." Here, the petitioners asserted that they were eligible for early release because the procedure by which the Bureau of Prisons ("Bureau") rules were enacted was flawed. The initial petitions from John Gavis and Conrad Niemeier, for instance, alleged that "the new rules were neither properly promulgated nor authorized by law." Further, the petitioners' consolidated memorandum in sup-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

port of the habeas corpus petition detailed a claim based on the Administrative Procedure Act ("APA"), 5 U.S.C. § 553, as an alternative ground for relief.[1] Therefore, the petitioners should have been permitted to amend their pleadings to include a claim under the APA.

Rule 15(b)'s requirement that the petitioners establish that the parties exhibited "express or implied consent" is also no barrier to the petitioners' motions for amendment. The BOP exhibited implied consent as to the APA claim. In response to the Gavis and Niemeier petitions, the BOP responded that the interim rule was "properly promulgated" and therefore "entitled to full deference." Likewise, the BOP's answer to the petitioners' consolidated memorandum asserted that the "new interim rule" was "properly promulgated," and was therefore "entitled to full deference."

For these reasons, we conclude that the district court abused its discretion by prohibiting the petitioners from amending their pleadings under Rule 15(b) to conform to the evidence.

## II

■ Contrary to the district court's conclusion, such an amendment would not

have been futile. The petitioners claim that 1997 regulation was promulgated in violation of the APA. A regulation is invalid if the agency fails to follow procedures required by the APA. *Buschmann v. Schweiker*, 676 F.2d 352, 355–56 (9th Cir. 1982). The APA requires that an agency (1) publish notice of a proposed rule in the Federal Register not less than thirty days before the rule's effective date, and (2) provide an opportunity for the public to comment on the rule. 5 U.S.C. § 553.[2] The APA applies to substantive rules (which "impose new rights or obligations by changing an existing law") but not to interpretive rules (which "clarify or explain existing law or regulations so as to advise the public of the agency's construction of the rules it administers"). *Gunderson v. Hood*, 268 F.3d 1149, 1154 (9th Cir.2001); *see also* 5 U.S.C. § 553(b)(3)(A). The APA also makes exceptions to its advance notice requirement for "a substantive rule which grants or recognizes an exemption or relieves a restriction" and "as otherwise provided by the agency for good cause found and published with the rule." 5 U.S.C § 553(d)(1) & (3).[3] Whether an agency pronouncement is interpretive or substantive (and therefore generally subject to the

---

1. The memorandum asserts that "[t]he October 1997 rule disqualifying the prisoners from Section 3621(e) early release eligibility are rules requiring prospective notice and comment [and] the [Bureau] was required to follow the publication rules provided under the APA." Moreover, in regard to the 1997 program statement, the memorandum claims that "the new program statement is void because it was promulgated in violation of the Administrative Procedure Act."

2. An improperly promulgated interim rule is invalid as to persons disqualified prior to the issuance of the final rule. *See Buschmann v. Schweiker*, 676 F.2d 352, 358 (9th Cir.1982); *see also Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 225, 109 S.Ct. 468, 102 L.Ed.2d 493

(1988) (Scalia, J., concurring) ("acceptance of the Secretary's position would make a mockery ... of the APA, since agencies would be free to violate the rulemaking requirements of the APA with impunity if, upon invalidation of a rule, they were free to reissue that rule on a retroactive basis.") (internal quotation marks omitted, ellipsis in original).

3. To be precise, this section provides that "[t]he required publication or service of a substantive rule shall be made not less than 30 days before its effective date, except—(1) a substantive rule which grants or recognizes an exemption or relieves a restriction; ... or (3) as otherwise provided by the agency for good cause found and published with the rule." 5 U.S.C. § 553(d)(1) & (3).

APA) is a legal question that is reviewed de novo. *Gunderson,* 268 F.3d at 1153–54.

*Gunderson* settled the issue of whether the 1997 regulation is substantive; it clearly is. *Id.* at 1154 ("There is no question that the 1997 *regulation* is substantive." [emphasis in original]). Based on the undisputed facts as to the procedural history of the rule promulgation, it is apparent that the procedures utilized to adopt the regulation did not comply with the APA. The Bureau violated the APA's thirty-day advance notice requirement by making the 1997 regulation effective as of October 9, 1997, rather than as of November 14, 1997, thirty days after the October 15, 1997 publication in the Federal Register. Thus, based on the undisputed facts, the requirements of the APA were not observed.

The BOP does not dispute this, but argues that statutory exceptions apply. Determination of the applicability of these exceptions requires further development of the record; thus, we cannot say that the asserted statutory exceptions preclude petitioners' APA claims as a matter of law without the necessity of any further factual development.

■ The district court also incorrectly concluded that the proposed amendment would be futile because the appellants have not exhausted their administrative remedies. In reaching that conclusion, the district court relied on *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), which held that exhaustion is required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.1997e(a), even where a prisoner litigant seeks a remedy that the available administrative process does not provide, as long as the agency has the authority to take some responsive action. However, *Booth* is inapposite. Congress has made no indication that habeas petitioners are statutorily required to exhaust administrative remedies before filing under Section 2241 for habeas corpus relief. *See Brown v. Rison,* 895 F.2d 533, 535 (9th Cir.1990) ("The requirement that federal prisoners exhaust remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.").

## III

In sum, it would not have been futile to allow petitioners to amend their complaints, and the district court should have permitted the amendments pursuant to Fed.R.Civ.P. 15(b). Therefore, reversal is required to permit the amendments. We do not opine on any other issue urged by the parties.

**REVERSED.**

BEEZER, Circuit Judge, concurring.

I concur in the judgment of the court reversing the district court and remanding. I write separately to observe a tension in circuit law which may affect petitioners' ability to ultimately obtain habeas relief.

Petitioners seek to invalidate the 1997 interim regulation and program statements upon which the Bureau of Prisons ("Bureau") relied to deny them eligibility for sentence reductions. Petitioners contend that the Bureau did not provide adequate notice and opportunity for public comment before promulgating the regulation and program statements, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553. The program statements, however, are not subject to the APA. *Gunderson v. Hood,* 268 F.3d 1149, 1155 (9th Cir.2001). Should petitioners prevail in invalidating the regulation under the APA, the question becomes whether the program statements survive and could still be relied upon independently to deny petitioners eligibility. *Grassi v. Hood,* 251

F.3d 1218 (9th Cir.2001), and *Gunderson v. Hood, supra,* suggest contrasting answers.

The *Grassi* petitioner challenged the substantive validity of the program statements. After we foreclosed this claim in *Bowen v. Hood,* 202 F.3d 1211, 1219 (9th Cir.2000), the petitioner sought to invalidate the interim regulation under the APA. We reasoned that the tact was futile because the Bureau could still rely on the program statements to deny eligibility. *Grassi,* 251 F.3d at 1221. We explained:

> [T]he BOP promulgated *two* independent documents that announced the categorical exclusion applied to Petitioner.... Even if the 1997 interim regulation were invalid [under the APA] ..., the program statement, which predated the amended rule, would remain viable. The 1997 program statement never was rescinded, nor is it expressly superseded by the later 1997 interim regulation. Thus, a holding that the amended rule was invalid on procedural grounds would have no effect on the continuing validity of the earlier-published program statement.

*Id.* (paragraph break omitted).

*Gunderson* holds that the APA does not apply to the program statements because they are "interpretive rules" that serve as "clarification or explanation of ... the regulation." 268 F.3d at 1154. Following *Gunderson's* rule, the program statements cannot be independent of the regulation and, contrary to the suggestion in *Grassi,* a holding invalidating the interim regulation would implicitly also invalidate the program statements. Without the interim regulation, there would be no rule which the program statements could clarify.

If the *Grassi* reasoning controls, petitioners would not be entitled to habeas relief even if they prevail in invalidating the interim regulation because the Bureau could still deny eligibility pursuant to the program statements.[1] The opposite holds if *Gunderson* applies; the Bureau could not deny eligibility to petitioners if the interim regulation is invalid because the program statements would fall with the interim regulation.

A case may be made that *Gunderson* controls whereas the *Grassi* discussion of the program statements is dicta. In *Grassi,* "the only claim that Petitioner raised in his petition for habeas corpus was the claim that ... 'Program Statement 5162.04's categorization ... violated the plain meaning of the statute and controlling precedent interpreting Section 3621(e).'" 251 F.3d at 1221. The *Grassi* court affirmed the district court's dismissal of the habeas petition based on its rejection of this substantive challenge. The petitioner then raised the alternative APA argument. In declining to entertain this argument, the *Grassi* court "[a]ssum[ed] that the question was properly [raised]," *id.,* before discussing the relationship between the program statements and regulation.

Neither party adequately addressed this issue I have laid out. I am content to leave it to the district court to harmonize *Gunderson* and *Grassi* as necessary on remand.

I concur in the judgment of the court.

---

1. I observe that extending *Grassi* to hold that the program statements are independent of the regulation necessarily leads to the notion that the program statements are substantive rules subject to the APA, which then would contradict *Gunderson's* holding. *See Gunderson,* 268 F.3d at 1155.